Joshua Trigsted
Oregon State Bar ID Number 06531
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826  facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **CAROL LAVINE**, | Case No.: 3:13-cv-253 |
| Plaintiff, | **COMPLAINT;** |
| vs. | DEMAND FOR JURY TRIAL |
| **SALLIE MAE, INC.**, | |
| Defendant. | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Oregon Unlawful Debt Collection Practices Act, ORS 646.639 (hereinafter "UDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "TCPA").

## II. JURISDICTION

2. Plaintiff's claims for violations of the TCPA arise under 15 U.S.C. § 1692k(d), and 47 U.S.C. § 227, respectively, and therefore involve a "federal question" pursuant to 28 U.S.C. § 1331.  The UDCPA claims involve the same series of connected transactions and are subject to supplemental jurisdiction.

## III.  PARTIES

3. Plaintiff, Carol Lavine ("Plaintiff"), is a natural person residing in Clackamas County, Oregon.

4. Defendant, Sallie Mae, Inc., ("Defendant") is a foreign corporation engaged in the business of extending loans. .

## IV.  FACTUAL ALLEGATIONS

5. Defendant is a "debt collector" as defined by the UDCPA, ORS 646.639(1)(g).

6. Plaintiff is a "consumer" as defined by the UDCPA, ORS 646.639(1)(a).

7. All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by UDCPA, ORS 646.639(1)(e).

8. On information and belief, all calls made to Plaintiff's telephone by Defendant were made using an "automatic telephone dialing system," as that term is defined in 47 U.S.C. § 227(a)(1).

9. Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiff. Defendant's conduct violated the FDCPA and TCPA in multiple ways, including the following:

10. Communicating with Plaintiff's place of employment without Plaintiff's permission, including sending Plaintiff's place of employment a letter asking for Plaintiff's contact information (ORS 646.639(2)(g)).

11. Communicating with Plaintiff's family members for a deceptive purpose,

including sending contact information requests to family members where Defendant already knew Plaintiffs' contact information (ORS 646.639(2)(e)).

12. Communicating with Plaintiff's place of employment concerning the nature or existence of the debt. It was obvious based on the letter sent to Plaintiff's employer that she owed a debt to Sallie Mae (ORS 646.639(2)(f)).

13. Within the last year, Defendant intentionally used an automatic telephone dialing system to place multiple calls to Plaintiff's cellular telephone without the prior express consent of Plaintiff. Defendant did this approximately 14 times within the last year.

14. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

15. To the extent Defendant's actions, detailed above, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## COUNT I: VIOLATION OF THE UNLAWFUL DEBT COLLECTION PRACTICES ACT

16. Plaintiff reincorporates by reference all of the preceding paragraphs.

17. The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendant for violations of the UDCPA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the UDCPA;

B. Actual damages or $200, whichever is greater, pursuant to ORS 646.641(1);

C. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to ORS 646.641(2);

D. Punitive damages pursuant to ORS 646.641(1); and,

E. For such other and further relief as may be just and proper.

**COUNT II: VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT**

15. A Plaintiff reincorporates by reference all of the preceding paragraphs.

16. The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the TCPA;

B. Actual damages or $500 for each violation, whichever is greater, pursuant to 47 U.S.C. § 227(b)(3)(A)

C. An award of three times the amount for which Defendant is found liable in paragraph "B," above, if it is found that Defendant willfully or knowingly violated 47 U.S.C. § 227(b).

D. For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Dated this 13th day of February, 2013.

By: ___s/Joshua Trigsted_____
Joshua Trigsted
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826 facsimile
Attorney for Plaintiff